# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEDRIC WILLIAM JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRAUENHEIM, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01477-AWI-BAM (PC)<br><br>ORDER DECLING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 26) |

　　　　Plaintiff LaCedric William Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, against: (1) Defendants Santos, Leon, Benavides, Hill, Salas, Luna, Lopez, Kennedy, Bejinez, and Trinidad for excessive force; (2) Defendants Salas, Bejinez, Trinidad, and Deshazo for violation of Plaintiff's First Amendment right to free exercise of religion; (3) Defendants Deshazo, Bejinez, Trinidad, and Benavides for unconstitutional conditions of confinement; (4) Defendants Benavides, Bejinez, Deshazo, Hoggard, and Trinidad for deliberate indifference to serious medical needs; and (5) Defendants Espinoza, Luna, and Newton for failure to intervene.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 27, 2020, the assigned Magistrate Judge issued findings and recommendations that Defendants' motion to dismiss be granted on the ground that Plaintiff's complaint fails to state a cognizable claim for relief because all of Plaintiff's claims are barred by the applicable

statute of limitations.  (ECF No. 26.)  The findings and recommendations were served on the parties, and contained notice that any objections were to be filed within fourteen (14) days.  (Id. at 24–25.)  Following an extension of time, Plaintiff timely filed objections on May 5, 2020.  (ECF Nos. 28, 29.)  Defendants filed a response to Plaintiff's objections, together with a request for judicial notice, on May 11, 2020.  (ECF Nos. 30, 31.)

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections and Defendants' response, the Court respectfully declines to adopt the Magistrate Judge's Findings and Recommendations.  Plaintiff's claims are timely when both statutory tolling and equitable tolling are applied to his case.

Plaintiff's Section 1983 claim has a two year statute of limitations. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (borrowing California's personal injury state of limitations period).  Plaintiff's case accrued on January 29, 2014.  He did not file the present suit until October 26, 2018, approximately four years and nine months after the claim's accrual.  Cal. Civ. Proc. Code § 352.1(a) states that "If a person entitled to bring an action…is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  Plaintiff has been imprisoned since 2014.  Thus, he is entitled to two years of statutory tolling under Section 352.1. Additionally, "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic." McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (Cal. 2008).  Plaintiff was in the process of pursuing administrative remedies required by the PLRA between January 29, 2014 and August 26, 2015.  Thus, he is entitled to approximately nineteen months of equitable tolling since he could not file the present suit until the administrative remedies were exhausted.

Whether the statutory tolling and equitable tolling should run consecutively or concurrently is a question that has not been firmly settled.  If they run consecutively, then Plaintiff's claims were timely filed.  If they run concurrently, his claims are time barred.  As the

Magistrate Judge correctly pointed out, this is an issue that various courts have divided on. Compare Stevenson v. Holland, 2017 U.S. Dist. LEXIS 107170, *15 (E.D. Cal. July 11, 2017) (two periods run consecutively) and Carranza v. Lewis, 2017 U.S. Dist. LEXIS 38293, *51 (N.D. Cal. Mar. 16, 2017) (same) with Wilkins v. Vancott, 2018 U.S. Dist. LEXIS 133049, *12 (N.D. Cal. Aug. 7, 2018) (two periods run concurrently) and Lopez v. Schwarzenegger, 2012 U.S. Dist. LEXIS 2957, *16 (E.D. Cal. Jan. 9, 2012) (same).  Following the logic of Stevenson v. Holland, this Court concludes that the tolling periods apply consecutively.

     Accordingly, IT IS HEREBY ORDERED that:

1. The Court declines to adopt the findings and recommendations issued on March 27, 2020, (ECF No. 26);
2. Defendants' motion to dismiss, (ECF No. 19), is denied.

IT IS SO ORDERED.

Dated:  August 20, 2020

SENIOR DISTRICT JUDGE