# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FRAUENHEIM, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01477-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE<br><br>(ECF No. 36)<br><br>ORDER DIRECTING PLAINTIFF TO FILE RENEWED MOTION TO AMEND WITHIN **THIRTY (30) DAYS**<br><br>ORDER VACATING DEADLINE FOR DEFENDANTS TO ANSWER COMPLAINT |

Plaintiff William Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against: (1) Defendants Santos, Leon, Benavides, Hill, Salas, Luna, Lopez, Kennedy, Bejinez, and Trinidad for excessive force; (2) Defendants Salas, Bejinez, Trinidad, and Deshazo for violation of Plaintiff's First Amendment right to free exercise of religion; (3) Defendants Deshazo, Bejinez, Trinidad, and Benavides for unconstitutional conditions of confinement; (4) Defendants Benavides, Bejinez, Deshazo, Hoggard, and Trinidad for deliberate indifference to serious medical needs; and (5) Defendants Espinoza, Luna, and Newton for failure to intervene.

**I.　Procedural Background**

On October 17, 2019, the Court screened Plaintiff's complaint and found that while the allegations stated some cognizable claims against certain defendants, other allegations failed to state cognizable claims against other defendants. (ECF No. 8.) Specifically relevant to the

1

instant motion, the Court found that Plaintiff's allegations about "responders" emptying numerous cannisters of pepper spray into Plaintiff's face and "other officers" kicking and stomping Plaintiff's legs and torso failed to state cognizable claims because Plaintiff failed to link any named defendant to these allegations. (Id. at 18.) Plaintiff was informed that he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did, or failed to do, that caused a violation of his constitutional rights. (Id.) The Court granted Plaintiff leave to file a first amended complaint to cure the deficiencies identified by the Court's order, or notify the Court in writing that he was willing to proceed only on the cognizable claims identified by the Court, which would result in his voluntary dismissal of all other defendants and all other claims, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 8.)

Plaintiff filed a notice of his willingness to proceed on the cognizable claims on October 28, 2019. (ECF No. 11.) Accordingly, on October 31, 2019, the Court ordered that this action would proceed on Plaintiff's complaint against: (1) Defendants Santos, Leon, Benavides, Hill, Salas, Luna, Lopez, Kennedy, Bejinez, and Trinidad for excessive force; (2) Defendants Salas, Bejinez, Trinidad, and Deshazo for violation of Plaintiff's First Amendment right to free exercise of religion; (3) Defendants Deshazo, Bejinez, Trinidad, and Benavides for unconstitutional conditions of confinement; (4) Defendants Benavides, Bejinez, Deshazo, Hoggard, and Trinidad for deliberate indifference to serious medical needs; and (5) Defendants Espinoza, Luna, and Newton for failure to intervene. (ECF No. 12.) All other claims and Defendants Frauenheim, George, Hansen, Liebold, Sharp, Erickson, and Ramirez were dismissed from this action by operation of law pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Id.)

Following service of the complaint, Defendants Bejinez, Benavides, Deshazo, Espinoza, Hill, Hoggard, Kennedy, Leon, Lopez, Luna, Newton, Salas, Santos, and Trinidad (collectively, "Defendants") filed a motion to dismiss on the ground that Plaintiff's complaint fails to state a cognizable claim for relief because all of Plaintiff's claims are barred by the applicable statute of limitations. (ECF No. 19.) The undersigned issued findings and recommendations that the motion to dismiss be granted on March 27, 2020. (ECF No. 26.) On August 20, 2020, the

2

1  assigned District Judge declined to adopt the findings and recommendations, and Defendants'
2  motion to dismiss was denied. (ECF No. 32.)
3        On September 11, 2020, Plaintiff filed a motion to amend the complaint. (ECF No. 36.)
4  Following an extension of time, Defendants filed an opposition on October 2, 2020. (ECF No.
5  40.) Plaintiff has not filed a reply, and the deadline to do so has expired. The motion is deemed
6  submitted. Local Rule 230(l).

## II.  Motion to Amend

### A.  Parties' Positions

In his motion, Plaintiff argues that his complaint links Defendants Santos and Leon to his excessive force claim arising out of the emptying of excessive cannisters of pepper spray. (ECF No. 36.) Plaintiff states that "other officers" and "responders" refer to Defendants Benavides, Hill, Salas, Luna, Lopez, Kennedy, Bejinez, Ramirez, and Trinidad, all of who responded to building one (1) that were outside of the building and formed a skirmish line and emptied cannisters of pepper spray on Plaintiff. Plaintiff therefore requests that his claim for excessive force by Defendants Santos and Leon for use of excessive pepper spray against Plaintiff be added as a cognizable claim, or that Plaintiff be allowed to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). (Id.) Plaintiff has not attached a proposed amended complaint to his motion.

Defendants oppose the motion, arguing that Plaintiff is, in essence, requesting reconsideration of the Court's screening order, that he has presented no new facts or law justifying reconsideration, nor has he alleged that he was unaware of the identities of the individuals he now wishes to identify that would otherwise provide a justification for reconsideration at this time. (ECF No. 40.) In addition, Plaintiff has previously indicated his willingness to proceed only on the claims found cognizable, and it appears that he acted in bad faith by declining the Court's initial invitation to amend only to later request to add the claims he chose to abandon. Finally, Plaintiff has not provided a reason for his delay, or a proposed amended complaint as required by Local Rule 220. Defendants argue that the Court should deny the request to amend, or that if the Court grant the motion, that the Court screen any amended

complaint and allow them forty-five days after screening to respond to any amended pleading. (Id.)

**B.      Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

**C.      Discussion**

Based on the information presented, and in light of Plaintiff's *pro se* status, the Court declines to find that the amendment is sought in bad faith. Though Plaintiff has not provided an explanation for the late filing of his motion to amend, there is also no indication that he deliberately withheld the motion to delay litigation or prejudice Defendants. Indeed, although Defendants have filed a motion to dismiss, that motion did not deal with the merits of Plaintiff's claims, and Defendants have not yet filed an answer to the operative complaint. The Court further notes that discovery has not even opened in this action, and the Court's discovery and scheduling order normally provides the parties additional time to file motions to amend the pleadings. Finally, there is no indication that Plaintiff's previous agreement to proceed on the claims found cognizable by the Court, taken alone, is sufficient to demonstrate bad faith in the filing of the instant motion to amend.

While it is procedurally improper for Plaintiff to file a motion to amend without including a proposed amended complaint, this procedural defect is easily cured and is not a sufficient reason to deny leave to amend that should be "freely given when justice so requires." See

AmerisourceBergen Corp., 465 F.3d at 951.  Defendants' argument that they are unable to fully evaluate the scope of the proposed amendment increases the potential prejudice, however, is well taken.

In this instance, the Court therefore finds it appropriate to deny the motion without prejudice and permit Plaintiff to cure the procedural defect by re-filing his motion and including a proposed amended complaint that is "complete in itself without reference to the prior or superseded pleading," as required by Local Rule 220.  Plaintiff's re-filed motion to amend should also specifically address why Plaintiff waited until now to seek leave to amend, rather than filing an amended complaint during the screening process.

## III.    Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend, (ECF No. 36), is DENIED without prejudice;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff may file a renewed motion to amend the complaint that:
    a. Addresses why Plaintiff is seeking leave to amend at this time; and
    b. Includes a proposed first amended complaint, **not to exceed twenty-five (25) pages**;
3. The deadline for Defendants to file an answer to the complaint is VACATED and will be reset following resolution of the operative complaint; and
4. If Plaintiff fails to file a renewed motion to amend in compliance with this order, this action will proceed on the claims found cognizable in the complaint filed on October 26, 2018.

IT IS SO ORDERED.

Dated:   **October 23, 2020**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

5