1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    LACEDRIC WILLIAM JOHNSON,              Case No.  1:18-cv-01477-AWI-BAM (PC)

12               Plaintiff,                   FINDINGS AND RECOMMENDATIONS ON
                                              PLAINTIFF'S MOTION TO AMEND,
13          v.                                GRANTING IN PART AND DENYING IN
                                              PART AND DISMISSING CERTAIN
14    FRAUENHEIM, *et al.*,                   DEFENDANTS

15               Defendants.                  (ECF No. 42)

16

17          Plaintiff LaCedric William Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and

18    *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, against: (1) Defendants

19    Santos, Leon, Benavides, Hill, Salas, Luna, Lopez, Kennedy, Bejinez, and Trinidad for excessive

20    force; (2) Defendants Salas, Bejinez, Trinidad, and Deshazo for violation of Plaintiff's First

21    Amendment right to free exercise of religion; (3) Defendants Deshazo, Bejinez, Trinidad, and

22    Benavides for unconstitutional conditions of confinement; (4) Defendants Benavides, Bejinez,

23    Deshazo, Hoggard, and Trinidad for deliberate indifference to serious medical needs; and

24    (5) Defendants Espinoza, Luna, and Newton for failure to intervene.

25    **I.       Procedural Background**

26          On October 17, 2019, the Court screened Plaintiff's complaint and found that while the

27    allegations stated some cognizable claims against certain defendants, other allegations failed to

28    state cognizable claims against other defendants.  (ECF No. 8.)  Specifically, relevant to the

                                              1

1   instant motion, the Court found that Plaintiff's allegations about "responders" emptying

2   numerous cannisters of pepper spray into Plaintiff's face and "other officers" kicking and

3   stomping Plaintiff's legs and torso failed to state cognizable claims because Plaintiff failed to link

4   any named defendant to these allegations.  (*Id.* at 18.)  Plaintiff was informed that he should

5   identify each involved defendant by name and link each of them to his claim by explaining what

6   each defendant did, or failed to do, that caused a violation of his constitutional rights.  (*Id.*)  The

7   Court granted Plaintiff leave to file a first amended complaint to cure the deficiencies identified

8   by the Court's order, or notify the Court in writing that he was willing to proceed only on the

9   cognizable claims identified by the Court, which would result in his voluntary dismissal of all

10  other defendants and all other claims, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

11  (ECF No. 8.)

12          Plaintiff filed a notice of his willingness to proceed on the cognizable claims on October

13  28, 2019.  (ECF No. 11.)  Accordingly, on October 31, 2019, the Court ordered that this action

14  would proceed on Plaintiff's complaint against: (1) Defendants Santos, Leon, Benavides, Hill,

15  Salas, Luna, Lopez, Kennedy, Bejinez, and Trinidad for excessive force; (2) Defendants Salas,

16  Bejinez, Trinidad, and Deshazo for violation of Plaintiff's First Amendment right to free exercise

17  of religion; (3) Defendants Deshazo, Bejinez, Trinidad, and Benavides for unconstitutional

18  conditions of confinement; (4) Defendants Benavides, Bejinez, Deshazo, Hoggard, and Trinidad

19  for deliberate indifference to serious medical needs; and (5) Defendants Espinoza, Luna, and

20  Newton for failure to intervene.  (ECF No. 12.)  All other claims and Defendants Frauenheim,

21  George, Hansen, Liebold, Sharp, Erickson, and Ramirez were dismissed from this action by

22  operation of law pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Id.)

23          Following service of the complaint, Defendants Bejinez, Benavides, Deshazo, Espinoza,

24  Hill, Hoggard, Kennedy, Leon, Lopez, Luna, Newton, Salas, Santos, and Trinidad (collectively,

25  "Defendants") filed a motion to dismiss on the ground that Plaintiff's complaint fails to state a

26  cognizable claim for relief because all of Plaintiff's claims are barred by the applicable statute of

27  limitations.  (ECF No. 19.)  The undersigned issued findings and recommendations that the

28  motion to dismiss be granted on March 27, 2020.  (ECF No. 26.)  On August 20, 2020, the

2

1   assigned District Judge declined to adopt the findings and recommendations, and Defendants'

2   motion to dismiss was denied.  (ECF No. 32.)  Plaintiff filed a motion to amend. (ECF No. 35.)

3   In denying the motion to amend, the Court found it appropriate to deny the motion without

4   prejudice and permit Plaintiff to cure the procedural defect by re-filing his motion and including a

5   proposed amended complaint that is "complete in itself without reference to the prior or

6   superseded pleading," as required by Local Rule 220. (ECF No. 41, p. 5.)

7        Plaintiff then filed the current motion to amend on November 12, 2020, and lodged a

8   proposed amended complaint.  (EDF No. 42, 43.)  Defendants filed an opposition to the motion

9   on December 4, 2020.  (ECF No. 44.) Plaintiff has not filed a reply, and the deadline to do so has

10  expired. The motion is deemed submitted. Local Rule 230(l).

11       **II. Parties' Positions on the Motion to Amend**

12       In Plaintiff's motion, Plaintiff argues that his prison transfers and COVID lockdowns have

13  precluded him from addressing the court's screening order and he, therefore, filed a notice of

14  willingness to proceed on cognizable claims "in a state of duress."  (ECF No. 42, p. 1.)  Plaintiff

15  argues that amendment should be liberally granted. He argues that Defendants have not filed an

16  answer and Plaintiff seeks to clarify his claims and to link defendants to his claims that the

17  Court's screening order found had not been linked properly.

18       Defendants oppose the motion to amend.  Defendants argue the Court screened Plaintiff's

19  complaint and found cognizable claims.  Plaintiff chose not to amend to attempt to cure the

20  noncognizable claims.  On October 28, 2019, Plaintiff notified the Court of his willingness to

21  proceed only on the cognizable claims identified by the Court. (ECF No. 11.)  The court issued an

22  order noting "Plaintiff's voluntary dismissal of Defendants Frauenheim, George, Hansen,

23  Liebold, Sharp, Erickson, and Ramirez, and all other claims pursuant to Rule 41(a)(1)(A)(i)."

24  (ECF No. 12.)  In the proposed amended complaint, Plaintiff re-adds Defendants Erickson and

25  Ramirez, who were voluntarily dismissed and expands the claims to fourteen defendants.

26  Plaintiff unduly delayed in seeking amendment.  He declined the Court's screening order

27  invitation to amend the complaint and waited a year afterwards to do so.  He opposed Defendants'

28  motion to dismiss rather than amend.  He is adding a Defendant Erickson who was not even

named in the original complaint.[1]  Erickson and Ramirez were previously dismissed, have never been served in this action, and the claims should not be added as to them.  It has been seven years since the incident, which is the fault of Plaintiff since he indicated he wanted to proceed on the cognizable claims.

Defendants ask that if the Court grants the motion to amend, the Court screen the first amended complaint.

### III.   Discussion

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

---

[1] Defendant Erickson was in fact named in the original complaint.  (Doc. 1, p.4.)

4

*Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

### A.  Undue Delay

Defendants argue Plaintiff has unduly delayed amending his complaint, seeking to do so a year after it was screened and after several rounds of motions to dismiss.

Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wagner v. Cty. of Plumas*, No. 2:18-CV-03105-KJM-DB, 2020 WL 820241, at *4 (E.D. Cal. Feb. 19, 2020) (citations omitted). Undue delay, by itself, is not enough to justify denying a motion to amend. *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).

Here, the facts underlying the proposed amendment were known by Plaintiff prior to filing the original complaint.  Through inartful pleading, Plaintiff was unable to link defendants to the specific conduct in the original complaint. The delay was long, approximately a year, in which Plaintiff had the ability to amend the complaint at any time, indicated his willingness to proceed on cognizable claims, and did not amend when the motion to dismiss was pending.  While the delay has been long, discovery has not opened and no trial date has been set.  This factor is neutral on whether to amend.

### B.  Prejudice

Defendants next argue that allowing Plaintiff to amend the complaint would be prejudicial.

Prejudice to the opposing party carries the greatest weight in the Rule 15 analysis. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay

the proceedings." *Commerce Point Capital, Inc. v. First Data Corp.*, No. 19-CV-556 W (LL), 2020 WL 2991498, at *3 (S.D. Cal. June 4, 2020) (citations omitted).

Defendants have not met their burden to demonstrate prejudice if leave to amend is granted as to Defendants. Although the proposed amendment will result in additional discovery, no relevant deadlines will have to be continued, discovery deadlines have not been set and the case is in its early stages. The amendment will not delay the proceedings given that there is no discovery deadline and there has been no trial date. "[T]he mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." *See, e.g., Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 2547115, at *5 (E.D. Cal. June 20, 2019); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019). Defendant will have ample time to conduct discovery. This factor therefore weighs in favor of granting leave to amend.

However, the Court denies leave to amend as to Defendants Erickson and Ramirez. Defendants contend that Defendants Erickson and Ramirez were dismissed and given the length of time since the incident at issue, they are surely prejudiced. The Court agrees.  Both defendants had been dismissed from this action and bringing these defendants back into the case after nearly two years since the dismissal, would be prejudicial to them. This appreciable delay is seven years after the incident.  Plaintiff knew who these individuals were at the time he originally filed his complaint, yet accepted dismissal of them and failed thereafter to amend to link Erickson and Ramirez to his claims. Plaintiff's motion is, in substance, a reconsideration of the dismissal order dismissing these defendants.  The Court has the right to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001).  Reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff had been given the opportunity to amend (Doc. 8), expressed his willingness to proceed without Ramirez and Erickson (Doc. 11), knew how to ask for continuances if he needed more time (Doc. 21, 27), and knew how to add parties.  It also

6

appears that the information to link Erickson and Ramirez was in Plaintiff's possession from the outset of this litigation and he could have asked at any time to amend to add these defendants.  In his request to amend, Plaintiff merely argues COVID and prison transfers delayed his request to amend.  However, this is insufficient excuse as to Erickson and Ramirez.  After careful consideration of Plaintiff's arguments and on balancing Plaintiff's and the Defendants' rights and obligations, the Court concludes that the § 1983 claims against Defendants Ramirez and Erickson should remain dismissed. *Schmitz v. A. Asman*, No. 2:20-CV-00195 JAM CKD (PS),   at *7 (E.D. Cal. Aug. 3, 2021).

**C.  Bad Faith**

Defendants argue that the delay in seeking leave to amend is in bad faith.  Defendants note that his complaint was screened and he declined to amend. Leave to amend may be denied where the amendment is sought in bad faith or with dilatory motive. *Foman*, 371 U.S. at 182. Courts have found bad faith where the amendment was sought solely to cause delay, or defeat the Court's jurisdiction by adding parties. *See*, *e.g., Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 944 (7th Cir.) (denying motion for leave to amend where moving party filed motion in order to delay dismissal). Another factor occasionally considered in such cases is whether the moving party has previously amended his or her pleading. A district court's discretion is "'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel,* 726 F3d 1124, 1133 (9th Cir. 2013) (plaintiff had "ample opportunity to properly plead a case").

While Plaintiff had ample opportunity to amend the complaint, the Court does not find that the motion is brought in bad faith or for a dilatory motive.  It does not appear that the amendment is sought interposed solely for delay, or to defeat the court's jurisdiction.  This factor weighs in favor of leave to amend.

**IV.    Conclusion and Recommendation**

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion to amend (ECF No. 42) be GRANTED IN PART and DENIED IN PART;

a. The claims against defendants M. Ramirez and D. Erickson under 42 U.S.C. §

7

1983 should remain dismissed;

      b. Leave to amend the complaint to reassert § 1983 claims against M. Ramirez and D. Erickson should be DENIED;

      c. Leave to amend the complaint should otherwise be GRANTED;

2. The Clerk of the Court be Directed to file the lodged first amended complaint (ECF No. 43);

3. Defendants' request for screening the first amended complaint be GRANTED, and

4. Following the district judge's ruling on these findings and recommendations, the case should be referred again to the undersigned for further proceedings, including screening the first amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

  Dated:  __September 1, 2021__          ____/s/ Barbara A. McAuliffe____
                                     UNITED STATES MAGISTRATE JUDGE