UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LACEDRIC WILLIAM JOHNSON,** <br><br> **Plaintiff,** <br><br> v. <br><br> **FRAUENHEIM, et al.,** <br><br> **Defendants.** | **CASE NO. 1:18-cv-01477-AWI-BAM (PC)** <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS** <br><br> (Doc. No. 48) |

Plaintiff LaCedric William Johnson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

On November 10, 2021, the assigned magistrate judge screened Plaintiff's first-amended complaint and found that Plaintiff stated the following cognizable claims: (1) for excessive force against Defendants Correctional Officer M. Santos, Correctional Officer W. Leon, Correctional Sergeant J. Benavides, Correctional Officer S. Espinoza, Correctional Officer J. Hill, Correctional Officer A. Salas, Correctional Officer G. Luna, Correctional Officer S. Lopez, Correctional Officer C. Kennedy, Correctional Officer J. Bejinez, and Correctional Officer E. Trinidad; (2) for violation of Plaintiff's First Amendment right to free exercise of religion against Defendants Correctional Officer A. Salas, Correctional Officer J. Bejinez, Correctional Officer E. Trinidad, and Correctional Officer S. Deshazo; (3) for unconstitutional conditions of confinement against Defendants Correctional Officer S. Deshazo, Correctional Officer J. Bejinez, Correctional Officer E. Trinidad, and Correctional Sergeant J. Benavides; (4) for deliberate indifference to serious medical needs against Defendants Correctional Officer J. Bejinez, Correctional Officer S. Deshazo, and Correctional Officer E. Trinidad; and (5) for failure to intervene against Defendants Correctional Officer S. Espinoza, Correctional Officer G. Luna, Correctional Officer W. Leon, and Correctional Officer R. Newton.  Doc. No. 48 at 13, 15, 25.  The magistrate judge further recommended that all other claims and defendants be dismissed, with prejudice, based on

1  Plaintiff's failure to state claims upon which relief may be granted.  Id. at 26.  The findings and
2  recommendations were served on the parties and contained notice that any objections were to be
3  filed within fourteen days after service.  Id.

4       On November 16, 2021, Plaintiff filed objections to the findings and recommendations,
5  requesting that Defendant R. Hoggard remain to answer and respond to the complaint in regard to
6  Plaintiff's Eighth Amendment claim for denial and delay of medical care.  Doc. No. 49.  In his
7  objections, Plaintiff states in a conclusory fashion that Hoggard "was aware of [Plaintiff's] serious
8  injuries on two occassions [sic], at 0945 when he brought the gurney to the building for
9  [Plaintiff's] use as he lay with approximately 10 cannisters of O.C. pepper spray on his body butt
10 naked and again two hours later prior to being taken to administrative segregation when he
11 prepared the CDCR 7219 minutes before 1200 hours."  Doc. No. 49 at 2.  Plaintiff also states that
12 "[t]wo nurses, D. Hall and K. Bradley of the same profession as R. Hoggard were faced with the
13 same set of circumstances and both D. Hall and K. Bradley both made provisions for [Plaintiff] to
14 receive medical treatment.  R. Hoggard not only delayed treatment, he denied [Plaintiff]
15 treatment."  Id.

16      As explained in the findings and recommendations, however, the first-amended complaint
17 does not allege facts demonstrating that Defendant Hoggard knew of and disregarded Plaintiff's
18 physical distress and requests for medical attention.  Doc. No. 48 at 23.  Despite Plaintiff's
19 objections, the first-amended complaint states that Defendant Hoggard entered the gym, stopped
20 approximately ten feet away from Plaintiff, wrote something down on a piece of paper, and exited
21 the gym.  Doc. No. 47, ¶ 40.  In addition, Plaintiff alleges that Defendant Hoggard had a duty to
22 assess Plaintiff and document his injuries and refer him to a physician, but he exited the gym
23 instead.  Id., ¶¶ 40–41.  Yet, there is no indication in the first-amended complaint or Plaintiff's
24 conclusory objections that Defendant Hoggard was aware of the amount of pepper spray on
25 Plaintiff's body or that he knew of and disregarded an excessive risk to inmate health or safety.

26      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
27 de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's
28 objections, the Court concludes that the findings and recommendations are supported by the

record and by proper analysis.

### **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc. No. 48) that were issued on November 10, 2021, are ADOPTED in full;

2. This action shall proceed on Plaintiff's first-amended complaint (Doc. No. 47), which was filed September 27, 2021, against:

    a. Defendants Santos, Leon, Benavides, Espinoza, Hill, Salas, Luna, Lopez, Kennedy, Bejinez, and Trinidad for excessive force in violation of the Eighth Amendment;

    b. Defendants Salas, Bejinez, Trinidad, and Deshazo for violation of Plaintiff's First Amendment right to free exercise of religion;

    c. Defendants Deshazo, Bejinez, Trinidad, and Benavides for unconstitutional conditions of confinement in violation of the Eighth Amendment;

    d. Defendants Bejinez, Deshazo, and Trinidad for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and

    e. Defendants Espinoza, Leon, Luna, and Newton for failure to intervene in violation of the Eighth Amendment;

3. All other claims and defendants are DISMISSED from this action for failure to state claims upon which relief may be granted; and

4. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   December 17, 2021

SENIOR DISTRICT JUDGE